Filed 7/14/15  P. v. Courtemarche CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C076981 |
| Plaintiff and Respondent, | (Super. Ct. No. MCRDCRF140000324) |
| v. | |
| MICHAEL STEVEN COURTEMARCHE, | |
| Defendant and Appellant. | |

In 2000 defendant Michael Steven Courtemarche pled no contest to one count of oral copulation with a minor under the age of 14 and more than 10 years younger than the perpetrator (Pen. Code,[1] § 288a, subd. (c)(1)) and was sentenced to state prison for three years.  On May 19, 2014, after defendant had been released and discharged from parole, he filed a petition for a certificate of rehabilitation (§ 4852.01, subd. (a)), which was

---

[1]  Undesignated statutory references are to the Penal Code.

1

denied by the court on July 21, 2014, on the ground that defendant was statutorily ineligible for the certificate of rehabilitation.[2]

Defendant appeals, contending the trial court's denial of his petition violated his equal protection rights under both the California and federal Constitutions. This is so, he argues, because persons convicted of violating section 288.7, a more violent crime against children than are persons convicted under section 288a, subdivision (c)(1), are not excluded from petitioning for the certificate. Defendant concludes that there is no justification for the difference in treatment and, therefore, his equal protection rights have been violated.

The People respond there is no equal protection problem because, contrary to defendant's claim, there is no difference in treatment between persons convicted under section 288.7 and section 288a, subdivision (c)--both are excluded from petitioning for a certificate of rehabilitation. Because of recent amendments to the applicable statute, we agree with the People.

DISCUSSION

Section 4852.01, subdivision (a) authorizes persons who have been released from state prison, and who meet other conditions not relevant to this appeal, to file a petition for a certificate of rehabilitation. However, subdivision (d) of section 4852.01 specifies circumstances which exclude persons from the petitioning process. One of the excluding circumstances is when a person has been convicted of a violation of section 288a, subdivision (c), the conviction in this case. However, because defendant asserts an equal protection claim based on section 288.7, we must also look at the exclusion based on "persons serving a mandatory life parole."

---

[2]    See Assembly Committee on Public Safety, Bill Analysis, Assembly Bill No. 1438 (A.B. 1438), pages 5-9.

2

Section 3000.1 governs mandatory life parole and provided, prior to January 1, 2015: "Notwithstanding any other law, in the case of any inmate sentenced to a life term under subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense, *Sections 269 and 288.7*, subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (*l*), or (m) of Section 667.61, the period of parole, if parole is granted, shall be the remainder of the inmate's life." (§ 3000.1, subd. (a)(2), italics added.)

One of the questions raised by this appeal is whether the phrase "Sections 269 and 288.7" in section 3000.1, subdivision (a)(2) as it existed prior to January 1, 2015, means exclusion is mandated only where the person is convicted of *both* offenses or whether a single conviction of *either* offense will suffice. (See *People v. Tirey* (2014) 225 Cal.App.4th 1150, 1157-1159, review granted Aug. 20, 2014, S219050 [majority opinion holds § 3000.1, subd. (a)(2)'s use of "and" is clear and unambiguous and mandates lifetime parole only to persons convicted of both §§ 269 and 288.7, dissenting opinion at pp. 1165-1168 finds that because majority's construction leads to absurd results, phraseology was a drafting error and word "and" should be read as "or"].)

Our conclusion, however, is based upon amendments to section 3000.1, subdivision (a)(2) and subdivision (d) of section 4852.01, effective January 1, 2015, which provide that the disputed phrase should be understood as being in the disjunctive.[3]

---

[3]     Because the meaning of the phrase, "Sections 269 and 288.7" is a disputed appellate issue, we take judicial notice of the legislative history of A.B. 1438. (Evid. Code, § 452, subd. (c).)

3

# I

## *The 2014 Amendments*

On August 25, 2014, A.B. 1438 was enacted into law and became operative January 1, 2015.  A.B. 1438 amended section 3000.1, subdivision (a)(2) so that the disputed phrase now reads "Sections 269 or 288.7."  Section 3000.1, subdivision (a)(2) now reads:  "Notwithstanding any other law, in the case of any inmate sentenced to a life term under subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense, Section 269 *or* 288.7, subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (*l*), or (m) of Section 667.61, the period of parole, if parole is granted, shall be the remainder of the inmate's life."  (Italics added.)  (See Stats. 2014, ch. 280 (A.B. 1438) § 2, eff. Jan. 1, 2015.)  The Legislature also amended section 4852.01, subdivision (d) by adding to, and placing in numerical order, sections 269 and 288.7 to the list of offenses that disqualify persons from seeking a certificate of rehabilitation.  (Stats. 2014, ch. 280 (A.B. 1438) § 3, eff. Jan 1, 2015.)

The legislative history of A.B. 1438, regarding the amendments to sections 3000.1, subdivision (a)(2) and 4852.01, subdivision (d), repeatedly explains that the amendments to these sections were enacted in response to the holding in *Tirey* that the phrase "Sections 269 and 288.7" in section 3000.1, subdivision (a)(2) meant that a violation of section 288.7 was subject to a life term of imprisonment only if the defendant violated both sections 269 and 288.7.  The legislative history of A.B. 1438 describes the use of the word "and" as "unintentional," an "oversight," and in need of "clarifi[cation]."  Accordingly, there is now no doubt that the Legislature's purpose in enacting the amendments was to repudiate *Tirey*'s construction of the phrase "Sections 269 and 288.7," and to make clear that the phrase was meant to be in the disjunctive rather than the conjunctive.

4

## II

### *The 2014 Amendments Clarify Existing Law*

"A legislative declaration that an amendment merely clarified existing law 'cannot be given an obviously absurd effect, and the court cannot accept the Legislative statement that an unmistakable change in the statute is nothing more than a clarification and restatement of its original terms.' [Citation.] Material changes in language, however, may simply indicate an effort to clarify the statute's true meaning. [Citation.] 'One such circumstance is when the Legislature promptly reacts to the emergence of a novel question of statutory interpretation.' [Citation.] ' " 'An amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act, where the amendment was adopted soon after the controversy arose concerning the proper interpretation of the statute. . . . [¶] If the amendment was enacted soon after controversies arose as to the interpretation of the original act, it is logical to regard the amendment as a legislative interpretation of the original act--a formal change--rebutting the presumption of substantial change.' [Citation.]" ' [Citation.]" (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 922-923.)

*Tirey* was published on April 25, 2014, and is presently under review by the California Supreme Court. A.B. 1438 was enacted August 25, 2014, with the amendments to become operative January 1, 2015. This constitutes a prompt reaction by the Legislature to *Tirey's* construction of former sections 3000.1 and 4852.01. Accordingly, we determine the disputed phrase should be read in the disjunctive and reject defendant's contention. Because there is no difference in treatment between persons convicted under section 288.7 and section 288a, subdivision (c) -- both are excluded from petitioning for a certificate of rehabilitation -- defendant's equal protection claim lacks merit.

## DISPOSITION

The trial court's order denying defendant's petition for a certificate of rehabilitation is affirmed.

          ROBIE          , Acting P. J.

We concur:

          MAURO          , J.

          HOCH          , J.